The Supreme Court reversed the decision of the Court below on March 9, 1868, in the following opinion by
Sharswood, J.:
The rule which is to be extracted from the authorities on the subject of the liability of railroad companies to taxation, for local purposes is, that it is only so much of their property, as is indispenssble to the construction of the road ; and fitting it for use, which is exempt. It is not all which they can lawfully take and hold under their charters. It is not enough that it is a convenient possession, affording facilities in conducting the business of the company and enabling it to make profits. The Railroad Co. vs. Berks County, 6 Barr, 70; Wayne County vs. The Delaware and Hudson Canal Co., 3 Harris, 351; The West Chester Gas Co. vs. The County of Chester, 6 Casey, 242. The learned judge in his opinion in the Court below seems to have considered that whatever the defendants could lawfully appropriate under the 10th Section of the Act of Feby. 19, 1849, P. Laws, 83 was necessarily exempt, and indeed he expressed an opinion that but for the limitation implied in that section, all the property they would be entitled to take and hold under the second section would also be free. That includes all real estste “necessary or convenient for the making and constructing of the railroad and for the furnishing of materials therefor, and for the accommodation of depots, offices, warehouses, machine shops, tool houses, engines and water stations, and other appropriate appurtenances and for the persons and things .employed or used in and about the same.” This view may appear to receive confirmation from the opinion of this Court in The New York and Erie Railroad Company vs. Sabin, 2 Casey, 242, in which if was held that whether the buildings then in question were to be considered as indispensible or only as convenient appendages of the road they were exempt inasmuch as they were included in the cost of construction and represented in part the stock of the company. But that was a peculiar case, resting on special legislation. That company was a foreign corporation autnorized by the Act of Feby. 16, 1841. P. Laws 28 to extend *435 their road through the County ot Susquehanna, and by the Act of March 26, 1846, P. Laws 179, additional privileges were conferred upon them, in consideration of which they were required to pay into the State Treasury the sum of ten thousand dollars annually and it was provided “that the stock of said company to an amount equal to the cost of the construction ot that part of their road situate in Pennsylvania shall be subject to taxation by this Commonwealth in the same manner at the same rate as other similar property is or may be subject.” It was held that it was the intention of the Legislature as manifest in these provisions that whatever property of this corporation was included in the cost of construction and thus formed part of its capital stock should be subject to no other taxes than those specified in the Act.
Applying these principles to this case it appears to us and we so hold that “the machine shops, in which the locomotive engines of the road are repaired — the blacksmith shop in which the smith work of the road is done — the carpenter shop in which passenger and freight cars used on the road are built and repaired and the paint shop in which new and repaired cars used on the road are painted,” are not necessary parts of the railroad, but merely useful in order to enable them to conduct their operatiohs more profitably and conveniently than if these matters were attended to by persons not in their regular employment. They are therefore liable to taxation. It follows that the judgment of the Court below upon the case stated must be reversed as to the machine shops, blacksmith shop, carpenter shop, and paint shop, but affirmed as to the other property therein described.